IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

DENIS A. ORDONEZ RODEZNO;　　　　　　Case No.: _____

　　　　Plaintiff,

v.

CARDINAL FINANCIAL COMPANY,
LIMITED PARTNERSHIP,

　　　　Defendant.
_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, DENIS A. ORDONEZ RODEZNO, (hereinafter "RODENZO" and/or "Plaintiff") by and through the undersigned counsel and files his complaint for damages against the Defendant, CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, (hereinafter "CARDINAL") and states the following:

## VENUE AND JURISDICTION

1. This is an action wherein the damages exceed $15,000.00, not including attorney's fees or the costs of this action.

2. At all times material hereto, Plaintiff is sui juris and a resident of Osceola County, Florida.

3. At times material hereto, Defendant was and is existing under and by the virtue of the laws of the of United States of America and conducts business in the United States of America and in the State of Florida.

4. The Venue for this action is properly laid in the Circuit court of the Ninth Judicial Circuit, in and for Osceola County as:

　　a. Plaintiff is sui juris and a resident of Osceola County, Florida.

b. The causes of action alleged in this complaint against the Defendant accrued in Osceola County;

c. The debt at issue arises from Plaintiff's ownership of real property located in Osceola County.

## GENERAL ALLEGATIONS

5. Defendant is a general debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA").

6. Defendant is in the primary business of collecting debt for others.

7. On or about June 20, 2017, Defendant mailed a Notice seeking to collect a debt from Plaintiff allegedly arising out of a promissory note allegedly secured by a Mortgage on Plaintiff's primary residence.

8. Said Notice did not identify who the creditor of the loan was.

9. On March 7, 2018, Plaintiff received a letter from a law firm purporting to represent Defendant in a further attempt to collect supposed monies owed by Plaintiff to Defendant.

10. The Notices contain false, deceptive, and misleading representations in violation of § 1692e (10) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.

11. The Notices misstate the applicable legal standard with regard to the presumption of the validity of a debt by adding a writing requirement.

12. Further, the Notice falsely states the amount of the debt is stated in the foreclosure complaint.

13. Defendant's actions and omissions are in violation of § 1692e(10) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.

## **COUNT I**

(Violation of the Fair Debt Collections Practices Act
15 U.S.C. § 1692e)

14. Plaintiff re-alleges and reincorporates paragraphs 1-12 as if set forth herein and further alleges:

15. Plaintiff brings this claim under 15 U.S.C. § 1692e(10) which governs "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

16. Plaintiff brings this claim under §§ 1692g and 1692e.

17. Section 1692g of the Fair Debt Collection Practices Act requires a debt collector to provide a consumer with a Notice of debt that contains:

> a statement that if the consumer notifies the debt collector *in writing* within [a] thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(4).

18. Said Notice was not contained within the initial communication with Plaintiff, the consumer, and was not provided within five days of such communication as mandated by 15 U.S.C. § 1692g(a).

19. When said Notice was finally received, it was in violation of 15 U.S.C. § 1692g of the FDCPA by failing to notify Plaintiff of the "in writing" requirement.

20. The omission of the "in writing" requirement violated 15 U.S.C. § 1692e, which prohibits using "false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

21. The Notice is deceptive to Plaintiff who is not a sophisticated consumer.

22. The Notice falsely claims that the amount of debt stated in the letter, omits the name of the creditor, and incorrectly implies that there is no writing requirement under 15 U.S.C. 1692g(a)(3).

23. Within thirty (30) days of the communication by Cardinal, Plaintiff mailed a response to the August 8, 2017 debt collection letter.

24. To date, Defendant has failed to respond to Plaintiff's inquiry which was mailed to Defendant in response to the original debt collection Notice.

## COUNT II

(Violation of Florida Consumer Collection Practices Act
Fla. Stat. § 559.72)

25. Plaintiff re-alleges and reincorporates paragraphs 1-12 as if set forth herein and further alleges:

26. Defendant violated Fla. Stat. § 559.72(3) by telling Plaintiff that Defendant had disclosed to the credit reporting agencies information affecting the Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.

27. Defendant violated Fla. Stat. § 559.72(5), by disclosing to Equifax information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

28. Defendant violated Fla. Stat. 559.72(6), by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

29. Defendant violated Fla. Stat 559.72(9), by claiming, attempting, or threatening to enforce a debt when it each knew or had reason to know that the debt was not legitimate.

30. Plaintiff relies on Fla. Stat. § 559.72(9) which provides:

    559.72 Prohibited Practices generally:

    In collecting consumer debts, no person shall
    (9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

31. Defendant has engaged and continues to engage in consumer collection conduct in violation of Fla. Stat. § 559.72 in the following manners:

    a. The Defendant continues to claim, attempt, and threaten to enforce this debt through acceleration and foreclosure when Defendant knows that such conduct is without right, justification or excuse and in any event would be premature and in bad faith because such right does yet exist.

32. Plaintiff relies on Florida Statute § 559.77(5) which states: "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

**WHEREFORE**, Plaintiff, DENIS A. ORDONEZ RODEZNO, respectfully requests that this Honorable Court:

A. Enter judgment against Defendant,

B. Award Plaintiff for all damages resulting from this action, including but not limited to all consequential and special damages.

C. Award Plaintiff damages in excess of $15,000.00, attorney's fees in accordance with Fla. Stat. § 559.77 and costs to bring this action.

D. Grant such and other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff, DENIS A. ORDONEZ RODEZNO, demands a trial by jury of all issues so triable.

Dated this March 15, 2018

Respectfully submitted,
MSPG LAW GROUP
OF CENTRAL FLORIDA, PLLC

220 Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 978-6603
Facsimile: (407) 978-6607

By:/s/ Rafael F. Garcia
    RAFAEL F. GARCIA
    FBN: 075058
Direct Email:
ralph@mspglawgroup.com
For Service of Documents only:
service@mspginsurancelaw.com